[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13016
Non-Argument Calendar

_____

BIA No. A95-907-302

GUSTAVO ADOLFO MENDOZA CARVAJAL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 21, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Gustavo Adolfo Mendoza Carvajal seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order finding him removable and dismissing his claim of asylum, and denying his withholding of removal claim under the Immigration and Nationality Act (INA) and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).

On appeal, Mendoza Carvajal argues that the BIA erred in denying his application for asylum. He asserts that he experienced past persecution by the Revolutionary Armed Forces of Colombia (FARC) and has a well-founded fear of future persecution on account of his political opinion.

We review only the BIA's decision when it does not expressly adopt the IJ's decision. *Arboleda v. U.S. Att'y Gen.*, 434 F.3d 1220, 1222 (11th Cir. 2006). The BIA's factual determinations are reviewed under the substantial evidence test, and we can reverse its findings only if the evidence compels a contrary conclusion. *Id.*

We hold that the record does not compel a conclusion contrary to that of the BIA. The BIA's finding that the incidents Mendoza Carvajal endured in Colombia did not amount to past persecution is supported by substantial evidence. Mendoza Carvajal recounted three interactions with FARC that comprised his claim of past persecution: an incident on a family farm where armed members of FARC asked him to join their cause; one phone call from a FARC member asking him if he had

considered their proposal and telling him his life was in danger;[1] and an invasion of

his home by armed FARC forces while he was away, searching his home and

informing his cousin that Mendoza Carvajal was now a "military target." Even

considering the cumulative effect of these incidents, *see Delgado v. U.S. Att'y*

*Gen.*, 487 F.3d 855, 862 (11th Cir. 2007), we cannot say the record compels the

conclusion that they amounted to persecution. "[P]ersecution is an extreme

concept, requiring more than a few isolated incidents of verbal harassment or

intimidation . . . ." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir.

2006). Mendoza Carvajal's own testimony indicated that at the first incident on

the farm FARC only asked him to join their cause. The threatening telephone calls

also are not sufficient to meet this high bar, *see id.*, and the addition of a single

incident where FARC forces invaded Mendoza Carvajal's home while he was not

present and delivered a threat to a family member does not compel us to conclude

Mendoza Carvajal suffered persecution.

Additionally, the BIA's ruling that Mendoza Carvajal did not demonstrate a

well-founded fear of future persecution is also supported by substantial evidence.

If an applicant fails to demonstrate past persecution, he may still establish asylum

based upon proof of a well-founded fear of future persecution by demonstrating

---

[1] Mendoza Carvajal also testified there were additional phone calls, although he refused to take them.

3

(1) a subjectively genuine and objectively reasonable fear of persecution that is

(2) on account of a protected ground. *De Santamaria v. U.S. Att'y Gen.*, 512 F.3d 1308, 1316 (11th Cir. 2008). Because Mendoza Carvajal had not shown he was targeted because of a protected ground, the BIA found he had not demonstrated a well-founded fear of future persecution. Although Mendoza Carvajal's own testimony reveals he participated in the Liberal Party in Colombia, he also testified that FARC only asked him to stop his activities for the party and instead work for them. Specifically, his testimony indicated he recruited poor people for the Liberal party, and FARC wanted him to instead engage in such activities for them. Thus, substantial evidence existed for the BIA's finding that Mendoza Carvajal was targeted due to his recruitment skills rather than his political opinion. While he was active in the Liberal Party, the record does not compel the conclusion that he was targeted because of his political views.[2] *See Sepulveda*, 401 F.3d at 1231 (stating that simply because the record may permit a particular conclusion does not mean such a conclusion is compelled).

---

[2] In his petition before this Court, Mendoza Carvajal argues that the BIA failed to consider a "pattern or practice" basis for a well-founded fear of persecution. Indeed, an applicant need not show he would be singled out for persecution if returned if he can demonstrate a pattern or a practice of persecution against a group of persons similarly situated as the applicant because of a protected ground. *See Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1261 (11th Cir. 2006). While the BIA did not address this claim, Mendoza Carvajal failed to raise it before the BIA in his appeal of the IJ's decision. Therefore, we lack jurisdiction to consider his claim. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

We also reject Mendoza Carvajal's claims that the IJ's opinion violated his due process rights by relying on speculation and evidence not supported by the record. The BIA recognized the IJ's infirmities in this regard and rejected the IJ's unfounded factual speculation. Because the IJ's errors did not infect the BIA's reasoning and we are reviewing only the BIA's decision, *see Arboleda*, 434 F.3d at 1222, Mendoza Carvajal's argument lacks merit. We also do not address his arguments relating to withholding of removal and CAT relief. Mendoza Carvajal did not raise these claims before the BIA, and we lack jurisdiction to consider them. *Amaya-Artunduaga*, 463 F.3d at 1250.

For the foregoing reasons, we DISMISS the petition in part and DENY the petition in part.

**DISMISSED IN PART** and **DENIED IN PART**.